NO. 07-00-0416-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

MARCH 27, 2001

______________________________

JAMES BYRON WAITS,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 222
ND
 DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR-98H-116; HON. DAVID WESLEY GULLEY, PRESIDING

_______________________________

ABATEMENT AND REMAND 

_______________________________ 

Before QUINN, REAVIS and JOHNSON, JJ. 

James Byron Waits (appellant) appeals from a judgment convicting him of aggravated sexual assault of a child.   The clerk’s record in this cause was filed with this Court on November 17, 2000.  The reporter’s record was filed on December 14, 2000.  Thus, the appellant’s brief was due on January 15, 2001.  On January 29, 2001, appellant’s counsel moved for an extension of time in which to file a brief.  We granted same and extended the deadline to February 28, 2001.

February 28th passed without our receiving either an appellant’s brief or another motion for extension.   We notified appellant of the situation by letter, but a brief has yet to be filed. 

Accordingly, we abate and remand this appeal to the 222nd District Court of Deaf Smith County, Texas (district court), and order the district court to immediately notice and conduct a hearing to determine 1) whether appellant desires to prosecute this appeal, 2) whether appellant’s counsel has denied his client effective assistance because of any inability on the part of counsel to timely file a brief, and 3) whether appellant is indigent and entitled to appointed counsel.  We further direct the district court to issue findings of fact and conclusions of law addressing the foregoing subjects and disclosing the name, address, state bar number, and telephone and fax numbers of any substitute counsel appointed.  The district court shall also cause to be developed 1) a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders of the district court issued as a result of its hearing on this matter, and 2) a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall cause the supplemental clerk’s record to be filed with the clerk of this court on or before April 24, 2001.  Should additional time be needed to perform these tasks, the district court may request same on or before April 24 , 2001. 

It is so ordered.                                           

 

                                          Per Curiam 

 Do not publish.